UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| PATRICK JOSEPH MCCABE, | ) | Case No.: 11-CV-00988-LHK |
| Petitioner. | ) | ORDER DENYING PETITION FOR |
| v. | ) | WRIT OF HABEAS CORPUS |
| UNITED STATES OF AMERICA, | ) | (re: dkt. #1) |
| Respondent. | ) | |

Petitioner Patrick Joseph McCabe ("Petitioner"), a former Catholic priest in Dublin, Ireland, is wanted by the Republic of Ireland on nine counts of indecent assault on six minors and one count of attempted indecent assault on one minor. The minors are boys ranging from ages ten to fourteen years old at the time of the alleged crimes. The United States, representing the Republic of Ireland, requests the extradition of Petitioner. On January 31, 2011, Magistrate Judge Nandor J. Vadas held an extradition hearing at which Petitioner was represented by counsel. On February 22, 2011, Magistrate Judge Vadas issued an Order Granting Request for Certificate of Extraditability (hereafter "Extradition Order"). Presently before the Court is Petitioner's petition for a writ of habeas corpus seeking to prevent extradition. The United States Government ("Government") opposes the petition. Finding no merit to Petitioner's challenges to the Extradition Order, the Court concludes that the petition for writ of habeas corpus must be DENIED.

United States District Court
For the Northern District of California

# I.  BACKGROUND

Both parties have adopted the factual findings made in the Extradition Order.  *See* Pet'n for Writ of Habeas Corpus at 2 [dkt. #1] ("Petitioner adopts the magistrate judge's factual findings concerning the extradition warrants and evidence presented at the extradition hearing."); *see also* United States Opp'n to Pet'n at 1 [dkt. #10] ("The respondent adopts the factual findings made by Magistrate Judge Nandor Vadas in the Order.").  Accordingly, the Court adopts those factual findings in full for purposes of reviewing the habeas petition.

As detailed in the factual findings of the Extradition Order, probable cause has been established to prove that Petitioner sexually molested six young school boys, between the period of 1973 and 1981, while he was a Catholic priest in various parishes around Dublin, Ireland.  *See In re McCabe*, 2011 U.S. Dist. LEXIS 22400, *1-20 (N.D. Cal. Feb. 22, 2011) (identifying evidence in support of each of the ten offenses against the six young boys); *see also* Extradition Request by Ireland for Patrick McCabe ("Extradition Request"), attached as Exh. D to Pet'n for Writ of Habeas Corpus [dkt. #1-2].  Petitioner has "admitted that he had a fetish for formal shirts and ties worn by young boys, that these images sexually aroused him, and that he was unable to control his urges."  *See In Re McCabe*, 2011 U.S. Dist. LEXIS 22400, *4.

In 1988, Irish police filed their first allegations of misconduct against Petitioner; that same year, Petitioner left the jurisdiction in which charges had been lodged.  *Id.* at *3.  Petitioner's location was unknown to Irish law enforcement until 2003, when Interpol reported that Petitioner was living in Alameda, California.  *Id.*  Officers of *An Garda Siochana*, the national police force of the Republic of Ireland, interviewed Petitioner over three days from November 7-9, 2007.  At those interviews, Petitioner confirmed that he had been a priest for the Archdiocese for the City of Dublin, Ireland from 1961 to 1983, and stated that he left the priesthood against his will in 1988 because of allegations of child sex abuse.  *Id.* at *4.

Between October 2, 2009 and May 5, 2010, two Irish district courts issued ten warrants for Petitioner's arrest on the nine counts for indecent assault and one count of attempted indecent assault, all crimes against the Common Law of Ireland.  *Id.* at *20 (citing authenticated warrants and informations in Part 3(a) and 3(b) of the Extradition Request).

2

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

## II.  LEGAL STANDARDS IN HABEAS CHALLENGES TO EXTRADITION

Federal statute provides for the extradition "of persons who have committed crimes in foreign countries" if the United States has a "treaty of extradition with such foreign government." *See* 28 U.S.C. § 3181 *et seq*.  Extradition is "a diplomatic process that is initiated by a request from the nation seeking extradition directly to the Department of State.  *See Prasoprat v. Benov*, 421 F.3d 1009, 1012 (9th Cir. 2005).  "After the request has been evaluated by the State Department to determine whether it is within the scope of the relevant extradition treaty, a United States Attorney . . . files a complaint in federal district court seeking an arrest warrant for the person sought to be extradited."  *See Blaxland v. Commonwealth Dir. of Pub. Prosecutions*, 323 F.3d 1198, 1207 (9th Cir. 2003).  If the district or magistrate judge "deems the evidence sufficient to sustain the charge under the provisions of the proper treaty," the judge shall "certify the same, together with a copy of all the testimony taken before him, to the Secretary of State, that a warrant may issue upon the requisition of the proper authorities of such foreign government, for the surrender of such person, according to the stipulations of the treaty or convention."  28 U.S.C. § 3184.

"No direct appeal is available from a district court's certification of extraditability because that decision is not a final order."  *See Emami v. United States Dist. Court for Northern Dist.*, 834 F.2d 1444, 1447 (9th Cir. 1987).  Instead, "a habeas petition is the only available avenue to challenge an extradition order."  *See Vo v. Benov*, 447 F.3d 1235, 1240 (9th Cir. 2006).  Extradition must be based on "competent evidence" sufficient to establish probable cause under United States law.  *See Zanazanian v. United States*, 729 F.2d 624, 626 (9th Cir. 1984).  Section 3190, which controls the admissibility of evidence in extradition proceedings, is clear that "[d]epositions, warrants, or other papers or copies thereof . . . shall be received and admitted as evidence [at an extradition] hearing for all the purposes of such hearing if they shall be properly and legally authenticated . . . ."  *See* 18 U.S.C. § 3190.  "The usual rules of evidence do not apply in extradition hearings and, unless the relevant treaty provides otherwise, the only requirement for evidence is that it has been authenticated."  *See Manta v. Chertoff*, 518 F.3d 1134, 1145 (9th Cir. 2008).

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# III.  DISCUSSION

The Ninth Circuit has provided for narrow review of an extradition order limited to the following: "[o]n collateral review by habeas corpus, the Court is not permitted to inquire beyond whether (1) the extradition judge had jurisdiction to conduct extradition proceedings; (2) the extradition court had jurisdiction over the fugitive; (3) the treaty of extradition was in full force and effect; (4) the crime fell within the terms of the treaty; and (5) there was competent legal evidence to support a finding of extraditability."  *See Emami*, 834 F.2d at 1447.  There is no dispute as to the first three elements.  *See In Re McCabe*, 2011 U.S. Dist. LEXIS 22400, *26-27 ("It is undisputed that the first three requirements are met.").  Instead, Petitioner objects to the Extradition Order on three grounds.  Petitioner's primary argument is that the United States' statute of limitations has "long since run" for the charged offenses, which occurred between 1973 and 1981.  Thus, Petitioner contends that the charged offenses are "time-barred," and are not "extraditable offenses" under the Treaty.  *See* Pet'n for Writ of Habeas Corpus at 1-9.  Second, Petitioner argues that "no proof" was submitted to establish that the charged offenses, indecent assault and attempted indecent assault, are actual offenses under Irish common law.  *Id*. at 9-11.  Third, Petitioner argues that extradition based on the "vague" charged offenses would violate due process and 18 U.S.C. § 3186.  *Id*. at 11-13.

### A.  Petitioner's Statute of Limitations Argument is not a Bar to Extradition under the Provisions of the Treaty.

The June 13, 1983 Treaty of Extradition between the United States of America and Ireland ("Treaty") establishes that "[a]n offence shall be an extraditable offense only if it is punishable under the law of both Contracting Parties by imprisonment for a period of more than one year, or by a more severe penalty."  Treaty, Art. II, Sec. 1, attached as Exh. A to Pet'n for Writ of Habeas Corpus [dkt. #1-1].  Petitioner maintains his argument from the underlying extradition proceeding that the charged offenses are not actually "punishable" in the United States due to the expiration of the federal five-year statute of limitations in 18 U.S.C. § 3282, allegedly the applicable statute of limitations in the United States at the time the offenses were committed.  Under the provisions of the Treaty, Petitioner's argument lacks merit.

4

The Ninth Circuit has explained statute of limitations defenses as creatures of treaty:

> Generally, absent a specific treaty provision, the statute of limitation may be raised as a defense to criminal proceedings only after return to the requesting state. *Freedman*, 437 F. Supp. at 1263 (citing *Merino v. United States Marshal*, 326 F.2d 5 (9th Cir. 1963), *cert. denied*, 377 U.S. 997, 12 L. Ed. 2d 1046, 84 S. Ct. 1922 (1964)).  It may not always be clear whether a prosecution is time-barred, and the general rule allows the prosecuting state to resolve the issue. The extraditee has an opportunity to raise the defense in the requesting country. The provision in Article VII is consistent with the general rule.
>
> Given the general rule, the absence of a contrary provision should be interpreted as an intention by the party states that the statute of limitation of the requested state does not apply. *Cf. Caplan v. Vokes*, 649 F.2d 1336, 1337, 1340 (9th Cir. 1981) (concerning treaty that *expressly* included party states' intention to apply statute of limitation of requested state). The parties did not intend for the United States statute of limitation to apply here.

*See Kamrin v. United States*, 725 F.2d 1225, 1227 (9th Cir. 1984); *see also Causbie Gullers v. Bejarano*, 293 Fed. Appx. 488, 490 n.2 (9th Cir. 2008) (noting that the general rule in *Kamrin* applies in the absence of a treaty provision to the contrary).  The Treaty here includes no provision regarding statute of limitations.  *See* Treaty, Art. I-XIX.  The Extradition Order properly applied *Kamrin* in concluding that "the absence of such a statute of limitations provision 'should be interpreted as an intention by [Ireland and the United States] that the statute of limitation of the requested state [i.e., the United States] does not apply.'"  *See In Re McCabe*, 2011 U.S. Dist. LEXIS 22400, *36 (citing *Kamrin*, 725 F.2d at 1227).

Petitioner's primary authority for his statute of limitations argument is *Stogner v. California*, 539 U.S. 607 (2003).  In *Stogner*, the Supreme Court held that California's effort to create a new limitations period, authorizing previously time-barred criminal prosecutions, violated the Ex Post Facto Clause of the United States Constitution.  *Id*. at 610.  Petitioner's reliance, however, is seriously misplaced because *Stogner* does not address the "unique" circumstances of the extradition process.  *See Blaxland*, 323 F.3d at 1208 (describing the "uniqueness of the extradition process").  Moreover, *Stogner* is distinguishable from the circumstances surrounding Petitioner's extradition.  In the instant habeas petition, there is no issue of an effort to extend a previously-expired statute of limitations; rather, the only issue under the Treaty is *which* statute of limitations to apply.  In the absence of a contrary provision in the Treaty itself, the statute of

Case No.: 11-CV-00988-LHK
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

1   limitations of the "requested state" (here, the United States) does not apply.  Petitioner, however,

2   may raise any statute of limitations argument in the requesting country (Ireland).

3          In sum, Petitioner's central challenge to the Extradition Order -- the argument that the

4   expiration of the United States' statute of limitations as to the charged offenses bars his extradition

5   -- must fail.

6          **B.  Sexual Assault on Minors is a Crime in Both Ireland and the United States**

7          As noted above, Article II of the Treaty states that "[a]n offence shall be an extraditable

8   offense only if it is punishable under the law of both Contracting Parties by imprisonment for a

9   period of more than one year, or by a more severe penalty."  *See* Treaty, Art. II, Sec. 1.  This

10  provision constitutes the "dual criminality" requirement, a well-established principle that the

11  particular acts alleged must constitute a crime in both jurisdictions.  *See Emami*, 834 F.2d at 1450.

12  "The name by which the crime is described in the two countries need not be the same, nor need the

13  scope of the liability for the crimes be either coextensive or the same in both countries."  *Id*.

14  Rather, dual criminality exists if the "essential character" of the acts criminalized are the same,

15  even if the elements are not identical in each country.  *See Manta*, 518 F.3d at 1141.

16         Petitioner's second argument is that "no evidence was submitted that the offenses described

17  in the complaint [i.e., the Extradition Request] were indeed 'offenses at common law' and were as

18  described."  *See* Pet'n for Writ of Habeas Corpus at 10.  Although difficult to follow, Petitioner

19  seems to be suggesting that the charged offenses of indecent assault and attempted indecent assault

20  are not actually offenses in Ireland.[1]  Competent evidence in the record proves otherwise.

21         The Extradition Request defines both indecent assault and attempted indecent assault as

22  common law offenses in Ireland:

23

24         Indecent Assault is an offense at common law constituting an assault accompanied by
           circumstances of indecency.  "Assault" has been defined by the Irish courts as an act by
25         which one person intentionally or recklessly causes another to apprehend immediate,
           unlawful personal violence.  "Violence" has been interpreted by the Irish courts as also
26         meaning any unlawful touching of a person without consent or lawful excuse.

27         _____

28         [1] Petitioner does not challenge the Extradition Order's determination that the charged
    conduct, sexual assault on a minor and attempted sexual assault on a minor, are crimes under both
    United States and California law.  *See In Re McCabe*, 2011 U.S. Dist. LEXIS 22400, *30-31.

United States District Court
For the Northern District of California

> Circumstances of indecency are any circumstances capable of being considered as indecent by right-minded persons.

*See* Extradition Request at Part 2(c), attached as Exh. D to Pet'n for Writ of Habeas Corpus. Attempted Indecent Assault is also an offense at Irish common law, and is an attempt to commit the offense of Indecent Assault.  The maximum penalty for indecent assault and attempted indecent assault, for the period up to June 6, 1981, is two years for the first offense, and five years for a second or subsequent offense.  *Id*. at Part 2(c).  In addition, the Extradition Request included arrest warrants issued by the Irish District Court for each of the ten charged offenses, and also included affidavits by two Irish solicitors (Peter McCormick and Helena Kiely) employed by the Office of the Director of Public Prosecutions in Ireland.  *See* Extradition Request, Part 3(a) and 3(c).  In their respective affidavits, the Irish solicitors state under oath that the acts of Petitioner -- acts which Petitioner does not dispute-- do constitute the offenses of indecent assault and attempted indecent assault, and do warrant trial on the charges.  *Id*. at Part 3(c).

Therefore, indecent assault and attempted indecent assault are clearly Irish common law offenses.  It is of no import that the charged offenses are based on Irish common law.  The critical point is that "the conduct involved is criminal in both countries."  *See Manta*, 518 F.3d at 1141; *see also Clarey v. Gregg*, 138 F.3d 764, 766 (9th Cir. 1998) ("The primary focus of dual criminality has always been on the conduct charged; the elements of the analogous offenses need not be identical.").  As dual criminality exists, Petitioner's argument that the charged offenses are not actually offenses in Ireland is simply incorrect.

### C.  Petitioner's Extradition is not Contrary to Due Process or 18 U.S.C. § 3186

Petitioner's third and final argument is that extradition based on the "vague" offenses under Irish common law "violates U.S. principles of due process of law" and is "contrary to 18 U.S.C. § 3186, which requires that extraditions be ordered only for specific offenses and not generalized criminality."  *See* Pet'n for Writ of Habeas Corpus at 13.  This is essentially repetitive of Petitioner's lack of dual criminality argument.  The Court has already rejected this argument because all dual criminality requires is that "the conduct involved is criminal in both countries."  Petitioner cannot credibly contend that he did not have "fair notice" that sexually assaulting a

*United States District Court*
For the Northern District of California

minor was criminal.  Sexual assault on a minor was criminal in both Ireland and the United States at the time of the charged conduct and is criminal today.  The fact that sexually assaulting a minor is a common law offense in Ireland does not make Petitioner's conduct any less criminal.  Indeed, under the rule of non-inquiry, courts "generally 'refrain from examining the penal systems of requesting nations.'"  *See Blaxland*, 323 F.3d at 1208.  Accordingly, the relative policy merits of a statutory-based criminal system versus a common law-based criminal system are irrelevant.

Finally, Petitioner mischaracterizes the language of 18 U.S.C. § 3186 as prohibiting extradition for "generalized criminality."  Section 3186 actually provides that, after extradition is ordered, the Secretary of State may order a surrendered fugitive "to be delivered to any authorized agent of such foreign government, to be *tried for the offense of which charged*."  18 U.S.C. § 3186 (emphasis added).  There is no dispute that Petitioner's extradition request is based upon the two offenses set forth in the arrest warrants: indecent assault and attempted indecent assault on six boys ranging from ages ten to fourteen.  Petitioner may be tried in Ireland on those charged offenses.

## IV. CONCLUSION

For the reasons specified above, the Petition for a Writ of Habeas Corpus is DENIED. Petitioner's ex parte request to stay surrender pending habeas corpus review is DENIED AS MOOT.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 5, 2011

_____
LUCY H. KOH
United States District Judge

Case No.: 11-CV-00988-LHK
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS